State vs. Adams et al.

## No. 10,101.

### THE STATE OF LOUISIANA VS. W. B. ADAMS ET AL.

In a criminal trial of two parties, jointly indicted for the same offense, the testimony of the wife of one of them is admissible for or against the other, under instructions from the trial judge to tie jury to restrict such testimony to the case of the other defendant.

In a criminal trial of two parties, jointly indicted, where conspiracy has been proven, in the opinion of the trial judge, the declaratio·s of one of the conspirators, although made in the absence of the other, are admissible against all the defendants.

The conduct of counsel who bring up appeals in criminal cases, and give no further attention thereto, is to be deprecated.

APPEAL from the Fourth District Court, Parish of Winn. *Bridger*, J.

*M. J. Cunningham*, Attorney General for the State, Appellee.

*H. Bernstein* for Defendant and Appellant.

The opinion of the Court was delivered by

POCHÉ, J.   This appeal is brought up by the defendant, Adams, who had been indicted for murder .jointly with another.   The latter was acquitted by the same jury, who convicted appellant of murder without capital punishment.   His complaints are embodied in five bills of exception:

### I.

He charges error in the ruling of the trial judge, who admitted the testimony of appellant's wife over his objections.   He invokes the legal restriction which prohibits husbands and wives from being witnesses for or against each other in criminal trials.

But the wife's testimony was introduced by the State, not against her husband, but against the other accused, and the judge guardedly instructed the jury to consider the testimony strictly within the restriction under which it was offered, so that the wife's testimony should not have any bearing on her husband's case.

Under the provisions of Act No. 29 of 1886, which allows the party accused in a criminal case to testify, one of two or more parties accused can make a witness of one of his or their co-defendants, under the restriction that the evidence of the witness should not be considered by the jury as applying to his case.   And we see no objection to a similar course in order to secure the testimony of the wife of one of the accused.

We do not feel authorized to interfere with the ruling of the district judge on this point.

### II.

The second bill involves the discussion of the judge's ruling in ad-

mitting the testimony of a State witness touching a conversation between the witness and one of the defendants, not in the presence and hearing of the other. The judge justifies his course by the fact that previous evidence in the cause had proved, to his satisfaction, that a conspiracy had been formed between the two defendants then on trial to kill the deceased.

The question is thus placed under the scope of the ruling in Ford's case, 37 Ann. 459, by which the judge was guided, and by which he is unquestionably upheld.

### III.

In his charge to the jury the judge reiterated his instructions previously given touching the restricted effect to be observed in the consideration of the testimony of the wife of one of the defendants.

Counsel for both defendants objected to the charge on the ground that it was "incompetent for the presiding judge to charge the jury as to what effect testimony given before them should have." The objection is either frivolous or captious, or it was made in entire misapprehension of the true meaning of the charge. Its plain and justifiable object was to caution the jury within legal bounds in considering the testimony given by the wife of one of the parties on trial, and it cannot be subjected to a construction which would involve the judge in weighing or analyzing the effect of the testimony on the issue of guilt or innocence of the accused.

### IV. AND V.

The fourth and fifth bills have reference to the refusal of two special charges suggested by counsel for defendants. Both were refused because neither had any bearing, as principles of law, on the state of the case, as shown by the facts which had been established by the evidence heard on the trial. The contention of defendant's counsel is now completely obsolete; it involves a point long since removed from the domain of discussion. State vs. Ford et al., 37 Ann. 464.

It again becomes our painful duty to note that in this, a capital case, counsel for the accused has thought fit to bring up an appeal, to which he has given no further attention since the date of its filing (January 4, 1888). Although our previous deprecations of such conduct appear to remain unheeded, we must reiterate our warning, in the hope that the subject may fall within the attention of the Legislative branch of the Government, and that the growing evil may there be checked or remedied. State vs. Paul, 39 Ann. 795; State vs. Williams, 37 Ann. 311.

Our examination of the record has satisfied us that appellant's complaints are groundless.

Judgment affirmed.